IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JANE DOE, | | |
| | Plaintiff, | **8:26CV14** |
| vs. | | |
| WILLIAM REESE, | | **ORDER** |
| | Defendant. | |

This matter comes before the court on Plaintiff's Motion to Proceed Under a Pseudonym (Filing No. 2) and Motion to File the Civil Cover Sheet under Seal. (Filing No. 5). Plaintiff's Complaint alleges that Defendant improperly disclosed intimate visual depictions of Plaintiff without her consent in violation of 15 U.S.C. § 6851 *et seq.*, Neb. Rev. Stat. § 25-3501 *et seq.*, and Neb. Rev. Stat. § 20-201 *et seq.* She also alleges a common law claim for Negligent Infliction of Emotional Distress. (Filing No. 1). She requests permission to proceed in this action as "Jane Doe" due to the disclosure of sensitive and highly personal matters of a sexual nature.

Courts "disfavor the use of fictitious names in legal proceedings," but the Eighth Circuit has held that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). The Eighth Circuit set forth non-exhaustive factors a district court should consider when determining whether a party may proceed anonymously. Factors weighing in favor of party

anonymity include: (1) whether "the party seeking anonymity is challenging government activity"; (2) whether "identification threaten[s] to reveal information of a sensitive and highly personal nature"; (3) whether "a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution"; and (4) whether there is a "danger of retaliation," which is "often a compelling ground" in favor of anonymity. *Id.* (internal quotation omitted). Factors weighing against party anonymity include: (1) whether the party's requested anonymity "poses a unique threat of fundamental unfairness to the defendant"; (2) whether "the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and whether "there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id.* (citations omitted). "Because a district court must exercise discretion in the course of weighing competing interests," a district court's decision to grant or deny a motion to proceed anonymously is reviewed for an abuse of discretion. *Id.* at 1077-78.

After review of the complaint and in consideration of the above factors, the court finds that Plaintiff may proceed under a pseudonym at this time. As Plaintiff indicates, Count I and Count II of her complaint both explicitly allow Plaintiff to proceed under a pseudonym to protect her anonymity. (*See* 15 U.S.C. § 6851(b)(3)(B) and Neb. Rev. Stat. § 25-3509). The Complaint contains many allegations of a highly sensitive and sexual nature, including that such disclosure of intimate visual depictions is "especially offensive to Doe given her profession and reputation as a licensed, in-home childcare provider." (Filing No. 1, at para. 113). Plaintiff further states that her complaint is sufficiently detailed such that "Defendant can readily and easily ascertain the identity of Plaintiff and there is neither any threat of fundamental unfairness to Defendant or detriment to the public's interest in Plaintiff is permitted to proceed under a pseudonym." (Filing No. 2, at para. 7). *See Cody v. City of St. Louis,* No. 4:17-CV-2707-AGF, 2022 WL 1202354 *2 (E.D. Mo. Apr. 22, 2022) (stating the defendants' knowledge of the plaintiffs' identities "lessens their claims to be prejudiced by the use of pseudonyms") (*quoting Does I thru XXIII v. Advanced*

*Textile Corp.*, 214 F.3d 1058, 1069 n.11 (9th Cir. 2000)). Given the above, the court will grant Plaintiff's motion to proceed under a pseudonym.

Plaintiff also moves to file her Civil Cover Sheet under seal. (Filing No. 5). Plaintiff recognizes the need to provide her real identity to the court for purposes of litigation and intends to include that name in her Civil Cover Sheet. The court agrees that if the Civil Cover Sheet were not filed under seal, it would defeat the purposes of proceeding under a pseudonym. Accordingly, that motion is also granted.

The court is entering this Order prior to service of process upon the Defendant and without the benefit of hearing the Defendant's position on the matter. As such, this decision shall be subject to reconsideration, if requested, after the Defendant is served with process and has entered an appearance in this case.

Accordingly,

IT IS ORDERED that:

1. Plaintiff's Motion to Proceed under a Pseudonym is granted. (Filing No. 2). Plaintiff may proceed under the pseudonym Jane Doe. This decision shall be subject to reconsideration if this matter proceeds to service of process and if the Defendant so requests.
2. Plaintiff's Motion to file the Civil Cover Sheet under Seal is granted. (Filing No. 5).

Dated this 13th day of January, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge